16 F.3d 408
 127 Lab.Cas. P 33,049
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dormal W. ALLEN; Bernard D. Bickham; Aubrey L. Blount;
Ronald L. Bowman; Walter E. Carper; Paul F. Cocuzza;
Larry L. Collier; Jeffery S. Cullers; Ronald Deskins;
Dennis K. Donehoo; Stanley E. Earl; John W. Fields;
Thomas W. Graling; David M. Hamrick; Jarl E. Hanson;
George M. Harley; LeRoy R. Herbstreith; David W. Holland;
Dwight M. Hulvey; James B. Irwin; Charles C. Jacobi;
Barry W. Jacobs; Charles E. Jeter; Harry L. Johnston;
Randall J. Kennedy; John G. Kessel; Kevin L. Kincaid;
Robert L. Lacy, Jr.; Michael J. Langley; David R. Ludeker;
George M. McCoy; Lawrence G. McDonald; Gregory A.
McIntosh; Robert F. McLain; Geoffrey McNamara; Robert M.
Mohler; Robert W. Morrell; Timothy M. Morrison; Edward T.
Neal; Michael L. Nelson; Dewey H. Perks; Didier C.
Pfalzgraf; Gerald A. Pfeifer; Michael J. Piantedosi; Roy
R. Pierpoint; Judd P. Richards; Charles S. Ruble; Harry
Scott; Richard C. Scott; Ronald W. Sheffield; Donald E.
Simpson; Charles D. Sisler; George L. Sisson; Richard V.
Slepetz; Derrick A. Smith; Andrew D. Snead; Robert J.
Spoone; John M. Stearn; James C. Summers; Stuart E.
Supinger; Rogers L. Taylor; Curtis G. Thomas; William C.
Timmons; Richard P. Tricarico; Douglas E. Turner; Edgar
B. Vanborn; Arthur L. Varnau; Timothy C. Walker; Charles
E. Wilkerson; Roger D. Wilson; Kenneth P. Winkelvoss;
Richard J. Yuras, Plaintiffs-Appellees,
v.
COUNTY of Fairfax, Virginia, Defendant-Appellant.
 No. 93-1152.
 United States Court of Appeals,
Fourth Circuit.
 Argued: Oct. 27, 1993
Decided: Jan. 11, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia at Alexandria. T. S. Ellis, III, District Judge. (CA-89-1597)
 ARGUED: Robert Lyndon Howell, Deputy County Attorney, Fairfax, Virginia, for Appellant.
 Gregory Keith McGillivary, MULHOLLAND & HICKEY, Washington, D.C., for Appellees.
 ON BRIEF: David P. Bobzein, County Attorney, Ann Gouldin Killalea, Assistant County Attorney, Fairfax, Virginia, for Appellant.
 Thomas A. Woodley, MULHOLLAND & HICKEY, Washington, D.C., for Appellees.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, Circuit Judge, CHAPMAN, Senior Circuit Judge, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 I.
 
 1
 The appellees, Fairfax County fire lieutenants, filed this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Secs. 201-219, claiming entitlement to overtime pay pursuant toSec. 207(k). In response, appellant, Fairfax County, claimed the lieutenants are exempt employees under the executive exemption,Sec. 213(a)(1) and 29 C.F.R. Sec. 541.1(f), because they are paid on a salaried basis. The district court granted the lieutenants' motions for summary judgment finding that under the appropriate pay systems, they were not paid on a salaried basis and, therefore, are entitled to overtime pay. We affirm.
 
 II.
 
 2
 Because the district court set forth the factual background relating to the nature of the lieutenants' employment relationship with the County, the facts will be re-visited only briefly. See Thomas v. Fairfax County, 758 F.Supp. 353 (E.D. Va.1991); Thomas v. Fairfax County, 803 F.Supp. 1142 (E.D. Va.1992). Under the pre-August 24, 1990 pay scheme, the lieutenants were paid biweekly. The County determined the amount the lieutenants received by multiplying their hourly wage by the number of hours they served. The Fire and Rescue Department has three shifts. In a typical nine day period the lieutenants work three twenty-four hours shifts, and are off work for the equivalent of six twenty-four hour shifts.
 
 
 3
 The lieutenants work either 96, 120 or 144 hours during a biweekly pay period. This cycle repeats itself over nine biweekly pay periods so that although a lieutenant's pay varies in each paycheck, apart from overtime, the pay is constant over an eighteen-week period. If the
 
 
 4
 lieutenants work more than scheduled, they receive additional compensation based on their hourly rate.
 
 
 5
 Before March 1989, if a lieutenant was scheduled for duty but was absent for part of the twenty-four hour period, the County adjusted the pay unless the lieutenant had leave to cover the absence. In March 1989, the County decided it would not adjust the pay of employees considered to be exempt under FLSA, such as the lieutenants, if they took absences without leave, but would grant these employees administrative leave with pay.
 
 
 6
 On August 24, 1990, the County implemented a new county-wide payroll system titled the Personnel Resource Information System ("PRISM"). PRISM does not change the lieutenants' shift schedules, the calculation of leave benefits or the method of overtime payment. Under PRISM, each twenty-eight day pay cycle was divided into two biweekly pay periods.
 
 
 7
 In the first biweekly pay period, the lieutenants receive a fixed amount regardless of the number of hours worked during that pay period, unless they miss one or more entire twenty-four hour shift, in which event they are paid an amount that equals the number of hours worked multiplied by their hourly rate.
 
 
 8
 In the second biweekly pay period, lieutenants do not receive a fixed amount. Instead, they receive an amount that fluctuates depending on the number of scheduled hours actually worked during the first pay period and the number of hours worked in the second pay period.
 
 III.
 
 9
 Employees are bona fide executives for the purposes of the FLSA if they are compensated for their services on a"salary basis" of $ 250.00 or more per week and they are employed in a managerial capacity. See 29 C.F.R. Sec. 541.119(a). It is undisputed that the lieutenants are paid more than $ 250.00 per week. The sole issue on appeal is whether they are paid on a "salary basis."
 
 
 10
 An employee is paid on a "salaried basis" if he or she regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his [or her] compensation, which amount is not subject to reduction because of variation in the quality or quantity of work performed.... [T]he employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked.
 
 
 11
 29 C.F.R. Sec. 591.118(a). If the amount of money the employer pays an employee is determined by the hours the employee works, the employee is not salaried. See e.g., Klein v. Ruch-Presbyterian-Saint Luke's Medical Ctr., 990 F.2d 279, 283-4 (7th Cir.1993); Martin v. Malcolm Pirnie, Inc., 949 F.2d 611, 615-6 (2d Cir.1991), cert. denied, 113 S.Ct. 298 (1992); Abshire v. County of Kern, 908 F.2d 483, 486 (9th Cir.1990), cert. denied, 498 U.S. 1068 (1991); Brock v. Claridge Hotel and Casino, 846 F.2d 180, 184-6 (3rd Cir.1988), cert. denied, 488 U.S. 925 (1988) (cases holding that a salaried employee is paid the same regardless of the number of hours worked).
 
 
 12
 Under PRISM and its predecessor, the amount the lieutenants receive each pay period varies, even if the lieutenants only work their scheduled hours, because their pay equals the number of hours they work in a shift multiplied by the hourly rate of pay. Lieutenants must account for every hour worked and receive overtime pay at an hourly rate. Their paid leave is deducted on an hourly basis and it is sometimes decreased by one hour during the transition to daylight savings time. Thus, the lieutenants are not "plainly and unmistakably within [the] terms and spirit" of the executive exemption. See Arnold v. Ben Kanowsky Inc., 361 U.S. 388 (1960); Mitchell v. Kentucky Finance Co., 359 U.S. 290, 295-6 (1959).
 
 
 13
 The County contends that the lieutenants are "salaried" because if they work the same shift schedule over eighteen weeks, they may predetermine the amount they will be paid. However, this argument ignores the language of the regulation: a salaried employee must "regularly receive[ ] each pay period on a weekly, or less frequent basis, a predetermined amount." 29 C.F.R. Sec. 591.118(a) (emphasis added). The County pays the lieutenants biweekly, not every eighteen weeks, and the biweekly paycheck corresponds directly to the hours worked during the pay period. See Klein, 990 F.2d at 283; Martin, 949 F.2d
 
 
 14
 at 615; Abshire, 908 F.2d at 486; Brock, 846 F.2d at 185; contra Atlanta Professional Fire Fighters Union, Local 134 v. Atlanta, 920 F.2d 800, 805 (11th Cir.1991).
 
 
 15
 The County also argues, pursuant to 29 C.F.R. Sec. 541.118(b), that the lieutenants are paid on a "shift basis" and, thus, meet the salary basis requirement of Sec. 541.118(a). The regulation provides that an "employee paid on a daily or shift basis" will meet the salary basis requirement if the employment arrangement provides that the employee will receive not less than the amount specified in the regulations in any week in which the employee performs any work. However, Sec. 541.118(b) does not establish an exception to Sec. 541.118(a). Section 541.118(b) states that "additional compensation besides the salary is not inconsistent with the salary basis of payment," and applies only after the employer meets the pay scheme requirements of Sec. 541.118(a).
 
 
 16
 Finally, the County, relying on McReynolds v. Pocahontas Corp., 192 F.2d 301 (4th Cir.1951), contends that because the lieutenants work a fixed shift schedule, the salary basis requirement is met. In McReynolds, where the employees worked three shifts per week and received a constant weekly wage, we concluded that the employees received the functional equivalent of a fixed weekly wage. Id. at 302-3. However, the lieutenants are not guaranteed a fixed amount each pay period, but are paid for the hours worked. Therefore, the lieutenants are not salaried employees for the purposes ofSec. 541.118(a).
 
 AFFIRMED